UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEONARD SCOTT,

    Petitioner,

v.

MATTHEW CATES, Secretary of Corrections,

    Respondent.
                                     /

No. C 09-2789 SI (pr)

**ORDER ON INITIAL REVIEW**

## INTRODUCTION

Leonard Scott, an inmate at the Mule Creek State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Scott's petition provides the following information:   He was convicted of "false impersonation," Petition, p. 2, and apparently was found to have suffered prior convictions. On January 3, 2000. he was sentenced in Santa Clara County Superior Court to 25 years to life in prison.   He appealed.  The California Court of Appeal dismissed one count but retained the sentence, according to Scott. In 2001, the California Supreme Court denied Scott's petition for review.  He filed a habeas petition in the superior court that was denied in April 2009.

Scott then filed this action.  His federal petition has a proof of service stating that it was mailed to the court on June 15, 2009.  The petition was stamped "filed" on June 24, 2009.

**DISCUSSION**

Scott used the court's form "petition for a writ of habeas corpus" but added "mandamus" to the title of the document. He also filed a "supplemental motion" for "the court to [hear] his writ of mandamus ex parte." (Docket # 6.) Treating the habeas petition as a petition for writ of mandamus would be of no help to Scott. The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter of law." Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing in forma pauperis order); Newton v. Poindexter, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees). To the extent that Scott wants the matter heard ex parte, he offers no authority for the unusual proposition that a habeas petition may be decided without giving the state an opportunity to be heard on any procedural problems in the petition as well as the legality of a state prisoner's custody. The supplemental motion for ex parte consideration is DENIED.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ

of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

It appears that the petition may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that such a motion to dismiss is unwarranted in this case.

## CONCLUSION

Good cause appearing therefor,

1.  The clerk shall serve by certified mail a copy of this order, the petition, and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall send a copy of this order to petitioner.

2.  Respondent must file and serve, no later than **December 18, 2009**, a motion to dismiss the petition or a notice that he is of the opinion that a motion to dismiss is unwarranted.

3.  If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving a copy upon respondent no later than **January 29, 2010**.

4. Respondent must file and serve his reply, if any, no later than **February 12, 2010**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

6. The in forma pauperis application is GRANTED. (Docket # 2, # 5.)

7. Petitioner's supplemental motion to have the court hear the matter ex parte is DENIED. (Docket # 6.)

IT IS SO ORDERED.

DATED: October 27, 2009

_____
SUSAN ILLSTON
United States District Judge