UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SCOTT, | No. C 09-2789 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| MATTHEW CATES, Secretary of Corrections, | |
| Respondent. | |

## INTRODUCTION

Leonard Scott, a pro se prisoner, filed a petition for writ of habeas corpus to challenge his 2000 conviction in Santa Clara County Superior Court. Respondent has moved to dismiss the petition as untimely. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Following a jury trial in Santa Clara County Superior Court, Scott was convicted of making a false financial statement, false personation, and misdemeanor filing false documents with the California Department of Motor Vehicles. The trial court found that Scott had suffered three prior convictions for purposes of the Three Strikes Law. On January 3, 2000, Scott was sentenced to two concurrent terms of 25 years to life in prison plus a concurrent term on the misdemeanor.

He appealed. The California Court of Appeal modified the sentence to stay all but one

of the concurrent 25-to-life terms, and otherwise affirmed the conviction. On November 20, 2001, the California Supreme Court denied Scott's petition for review.

Scott also filed a habeas petition in the California County Superior Court on or about February 25, 2009. That petition was denied on April 6, 2009.

He then filed his federal petition for writ of habeas corpus. The petition has a proof of service stating that it was mailed to the court on June 15, 2009. The petition was stamped "filed" on June 24, 2009. As a prisoner proceeding pro se, Scott receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The petition is deemed to have been filed on June 15, 2009, the date of the proof of service.

## DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period began on February 19, 2002, 90 days after the California Supreme Court denied Scott's petition for review on November 20, 2001. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so). The presumptive deadline for Scott to file his federal petition was February 19, 2003. He missed that deadline by more than six years, so unless he qualifies for a lot of statutory or equitable tolling, the petition is untimely.

The one-year limitations period may be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Statutory tolling is not appropriate here because Scott did not file his first state habeas petition until February 2009, many years after the limitations period had already ended. Once the limitations period expired it could not be revived. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).[1] Scott did send a request to the superior court in or about early 2007 in which he asked for transcripts from a 1979 hearing, see Petition, Exh. D, but this effort does not result in any statutory tolling because it was not a "properly filed application" under § 2244(d)(2) and because it occurred long after the limitations period had expired.

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). Two standards have been articulated for determining whether equitable tolling is appropriate. The standard that has long been used in the Ninth Circuit is that equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The Supreme Court articulated the standard differently, and stated that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (petitioner's lack of diligence

---

[1] If the limitations period is equitably tolled for enough of the period between the conclusion of direct review and the filing of the state habeas petitions to bridge that gap, statutory tolling might be in order for state habeas petitions filed more than a year after the conclusion of direct review, but that is not the case here because the limitations period will not be equitably tolled.

3

1 in filing timely state and federal petitions precluded equitable tolling); Rasberry v. Garcia, 448
2 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace).  The Ninth Circuit has not settled on a single
3 consistent standard.  See Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir.), cert. denied, 129 S.
4 Ct. 397 (2008) (declining to decide whether Pace standard differs from Beeler standard).

5       Under either articulation of the test, the petitioner bears the burden of showing that
6 equitable tolling is warranted in his case.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.
7 2002); Pace, 544 U.S. at 418.  The petitioner also must show that the extraordinary
8 circumstances "were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th
9 Cir. 2003).  Spitsyn's mention of causation is important because it shows that equitable tolling
10 often is not susceptible to a simple yes/no kind of inquiry, but instead requires the court to
11 determine whether equitable tolling is allowed for the circumstance and, if so, how much time
12 should be tolled for the circumstance.  An acceptable reason for some delay doesn't necessarily
13 mean that all delay will be excused.

14       Scott fails to show that he is entitled to any, let alone six years of equitable tolling of the
15 limitations period.  He did not file an opposition to the motion to dismiss, so the court has looked
16 to his other filings for possible bases for equitable tolling.

17       In the attachments to his petition, he seems to assert that he has newly discovered
18 evidence.  See Petition, Exh. H.  At page 6 of his habeas petition to the Santa Clara County
19 Superior Court, Scott he explained his delay with a statement that he had reviewed his prison file
20 on December 10, 2008 and had seen the court transcripts from his earlier plea bargains from the
21 prior convictions used for sentence enhancement purposes.  In a declaration attached to that
22 same petition, he explained that he just learned that the "district attorney and the public attorney
23 knew that petitioners (sic) priors were under a plea bargain and the ct. transcripts reflected the
24 fact." Petition, Exh. H at Scott Decl.  The Santa Clara County Superior Court rejected the
25 petition as an effort to do a second appeal, explaining that the sentence challenge had been raised
26 and rejected on direct appeal.  Scott has not offered any explanation as to why he would have
27 been unaware until 2008 that his earlier convictions had been the product of guilty pleas, nor has
28

4

he shown any diligence in obtaining this information – the significance of which is unclear – until 2008. Scott has not shown that the unidentified newly discovered evidence warrants equitable tolling of the limitations period.

After respondent filed his motion to dismiss, Scott filed two letters in which he asked for a stay and abeyance. See Docket # 13, # 14. In those letters, he presented evidence that he suffered some physical injury in an altercation in January 2010, and consequently was put in administrative segregation where there was limited law library access. These events are too late to provide any reason to equitably toll the limitations period, which had expired more than six years before these events took place. Scott has not shown that any equitable tolling is warranted. The petition was filed more than six years too late. The petition must be dismissed.

Scott's request for a stay and abeyance is DENIED. (Docket # 13, # 14.) The usual reason for a stay and abeyance is to exhaust unexhausted claims in state court, but Scott has not identified any new claims he would be pursuing in state court if this action was stayed, nor has explained his extreme delay in presenting any such claim. The events that occurred in January 2010 would not be relevant to any claim with regard to his 2000 conviction and sentence. There is no reason for a stay and abeyance because the petition is already too late, and staying this action will not overcome the untimeliness problem.

In the second letter in which he requested a stay and abeyance, Scott also requested appointment of counsel. The request for appointment of counsel is DENIED for the same reasons stated in the order denying his first request for appointment of counsel. When the court denied the first request for appointment of counsel three months before the second request was made, the court reminded petitioner of his deadline to file his opposition to the motion to dismiss, so it is not reasonable to believe that Scott was waiting for a ruling on his second request (filed two months after his opposition was due) before filing his opposition to the motion to dismiss.

/ / /

/ / /

**CONCLUSION**

Respondent's motion to dismiss is GRANTED. (Docket # 8.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner's second motion for appointment of counsel is DENIED. (Docket # 14.)

The clerk will close the file.

IT IS SO ORDERED.

DATED: May 3, 2010

_____
SUSAN ILLSTON
United States District Judge